1  Peter C. Brown, State Bar No. 179832
   pbrown@bremerandwhyte.com
2  Jeremy Johnson, State Bar No. 214989
   jjohnson@bremerandwhyte.com
3  Benjamin Price, State Bar No. 267400
   bprice@bremerandwhyte.com
4  BREMER WHYTE BROWN & O'MEARA LLP
   20320 S.W. Birch Street
5  Second Floor
   Newport Beach, California 92660
6  Telephone: (949) 221-1000
   Facsimile: (949) 221-1001
7
   Howard L. Lieber - Pro Hac Vice
8  Lindsay E. Dansdill - Pro Hac Vice
   GROTEFELD HOFFMAN SCHLEITER GORDON & OCHOA, LLP
9  311 S.Wacker, Suite 4500
   Chicago, IL  60606
10 Telephone: (312) 551-0200
   Facsimile: (312) 601-2402
11
   Attorneys for Defendants,
12 UPONOR, INC., an Illinois corporation; WIRSBO
   COMPANY, an Illinois company; UPONOR
13 WIRSBO COMPANY, an Illinois company

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17  GEOFF GASWAY, an individual, on<br>behalf of himself and all others similarly | Case No. 11-CV-10256-PSG (PLAx) |
| 18  situated, | Judge:  Hon. Philip S. Gutierrez<br>Ctrm:  880 |
| 19              Plaintiffs, | |
| 20       vs. | **DEFENDANTS UPONOR, INC.,**<br>**WIRSBO COMPANY, and**<br>**UPONOR WIRSBO COMPANY'S** |
| 21  UPONOR CORPORATION, a Finnnish<br>corporation; UPONOR GROUP, a Finnish | **NOTICE OF MOTION AND**<br>**MOTION TO DISMISS;** |
| 22  corporation; UPONOR, INC., an Illinois<br>corporation; WIRSBO COMPANY, an | **MEMORANDUM OF POINTS**<br>**AND AUTHORITIES IN SUPPORT** |
| 23  Illinois company; UPONOR WIRSBO<br>COMPANY, an Illinois company; DOE | **THEREOF [FRCP 12(B)(1), (6)]** |
| 24  INDIVIDUALS 1-20,000; and ROE<br>BUSINESS or GOVERNMENTAL | Date:   August 13, 2012<br>Time:   1:30 p.m. |
| 25  ENTITIES 1-20,000, | Ctrm:   880 |
| 26              Defendants. | |
| 27 | |

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on August 13, 2012, 2012 at 1:30 p.m. or as

3  soon thereafter as the matter may be heard in Courtroom 880 of the above referenced

4  court, Defendants UPONOR, INC., WIRSBO COMPANY, and UPONOR WIRSBO

5  COMPANY ("Uponor") will and do move this Court to dismiss the entire Amended

6  Complaint filed by Plaintiff GEOFF GASWAY ("Plaintiff") in this action.  The

7  Motion is made on the grounds that there is another action pending in the Superior

8  Court of California for the County of Riverside involving identical claims as are at

9  issue in the instant action, the Amended Complaint fails to state a claim upon which

10  relief can be granted against Uponor relating to the First, Second, Fifth, Seventh, and

11  Eight Causes of Action, and Plaintiff lacks standing to pursue his claim.

12  This Motion is made following the conference of counsel pursuant to L.R. 7-3

13  which took place on June 11, 2012.

14  This Motion is based on Federal Rule of Civil Procedure 12(b)(1), (6), the

15  attached Memorandum of Points and Authorities, the Request for Judicial Notice

16  filed herewith, the documents contained within the Court's file, and such other and

17  further evidence as may be presented at the time of the hearing on the Motion.

18  Dated:  June 15, 2012                    BREMER WHYTE BROWN & O'MEARA
                                             LLP
19

20                                      By: _____

21                                          Peter C. Brown
                                            Jeremy Johnson
22                                          Benjamin Price
                                            Attorneys for Defendants
23                                          UPONOR, INC., an Illinois
                                            corporation; WIRSBO COMPANY,
24                                          an Illinois company; UPONOR
                                            WIRSBO COMPANY, an Illinois
25                                          company

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION ...................................................................................1

2. LEGAL ARGUMENT ...........................................................................3

   2.1. Plaintiff's Amended Complaint Should Be Dismissed as Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted ......................................................................3

      2.1.1 The Legal Standard for a Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).................3

      2.1.2 The Court May Properly Consider Matters of Public Record ................................................................4

      2.1.3. The Pendency of the First-Filed Sweidan Class Action Warrants Dismissal of Plaintiff's Amended Complaint in the Instant Suit .......................................4

      2.1.4. Plaintiff's First Cause of Action Fails to State a Cause of Action for Breach of Implied Warranties ....................9

      2.1.5. Plaintiff's Second Cause of Action Fails to State a Cause of Action for Breach of Express Warranty .......................9

      2.1.6. Plaintiff's Fifth Cause of Action Fails to State a Cause of Action for Negligent Misrepresentation ....................10

      2.1.7. Plaintiff's Seventh Cause of Action Fails to State a Cause of Action for Violation of Standards of Residential Construction...........................................................11

         2.1.7.1 RORA Does Not Apply to Actions Solely for Defects In Manufactured Products....................................................................11

         2.1.7.2 Alleged Defects of Plumbing Components such as Yellow Brass Fittings Do Not Fall Within the Purview of California Civil Code Section 896(a)(15)..................................................................12

         2.1.7.3 California Civil Code Section 931 Bars a RORA Claim From Being Styled as a Class Action .........................................................13

         2.1.7.4 Plaintiff Failed to Meet RORA's Pre-litigation Requirements .........................................15

      2.1.8. Plaintiff's Eighth Cause of Action Fails to State a Cause of Action for Violation of Consumers Legal Remedies Act..................................................................15

i

## TABLE OF CONTENTS (cont.)

**Page**

2.2.    Plaintiff's Amended Complaint Should Be Dismissed as Plaintiff Lacks Standing to Pursue His Claims ...................................16

3.    CONCLUSION.................................................................................19

ii

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3
**Cases**

4
<u>Adams vs. California Department of Health Services</u>, 487 F.3d 684 (9th
     Cir. 2007)..................................................................................5, 6
5

<u>American Int'l Underwriters, Inc. v. Continental Ins. Co.</u>, 843 F.2d
6    1253, 1257 (9th Cir. 1988) ............................................................7

7
<u>Ashcroft vs. Iqbal</u>, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed.
     2d 868 (2009)..................................................................................4
8

<u>Bell Atlantic Corporation vs. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct.
9    1955, 167 L. Ed. 2d 929 (2007)........................................................3

10
<u>Bily v. Arthur Young & Co.</u>, 3 Cal. 4th 370, 408 (1992)..........................10

11
<u>Burr v. Sherwin Williams Co.</u>, 42 Cal. 2d 682, 695 (1954)...................9, 10

12
<u>Cetacean Cmty. v. Bush</u>, 386 F.3d 1169, 1174 (9th Cir. 2004) ..............16

13
<u>Colorado River Water Conservation District vs. United States</u>, 424 U.S.
     800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ............................4, 6, 7
14

15
<u>Costantini vs. Trans World Airlines</u>, 681 F.2d 1199 (9th Cir. 1982)........5

16
<u>Coto Settlement vs. Eisenberg</u>, 593 F.3d 1031, 1038 (9th Cir. 2010)......4

17
<u>Curtis vs. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000) .............4, 5, 6

18
<u>Doe v. Unocal Corp.</u> (C.D. 1999) 67 F. Supp. 2d 1140, 1142 ...............16

19
<u>Easter v. American W. Fin.</u> (9th Cir. 2004) 381 F.3d 948, 962 ..............16

<u>Fieldstone Co. v. Briggs Plumbing Products, Inc.</u>, 54 Cal. App. 4th 357,
20    371 (1997)......................................................................................9

21
<u>Frosini v. Bridgestone Firestone N. Am. Tire, LLC</u>, 2005 U.S. Dist.
     LEXIS 40144 (C.D. Cal. Dec. 12, 2005)............................................6
22

23
<u>Giles vs. Sardie</u>, 191 F. Supp. 2d 1117, 1122 (C.D. Cal. 2000)...............4

24
<u>In re Countrywide Fin. Corp. Derivative Litig.</u>, 542 F. Supp. 2d 1160,
     1169 (C.D. Cal. 2008) ....................................................................6

25
<u>James vs. AT&T Corporation</u>, 334 F. Supp. 2d 410, 411 (S.D.N.Y.
     2004)..............................................................................................5
26

27
<u>Kingsbury v. U.S. Greenfiber, LLC</u>, No. CV-08-00151 AHM (JTLx),
     2009 U.S. Dist. LEXIS 92014, 2009 WL 2997389, at *7 n.9 (C.D.
28   Cal. Sept. 14, 2009) ...............................................................13, 14

iii

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).................................. 16

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1,
     15-16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ................................................ 6, 7

Richard P. v. Vista Del Mar Child Care Serv., 106 Cal. App. 3d 860
     (1980) ............................................................................................................... 11

Roger Sweidan, et al. v. Wirsbo Company, et al., Riverside Superior
     Court Case No. RIC10014729 ("Sweidan") .................................. 2, 4, 7, 8, 9

Serlin vs. Arthur Anderson & Company, 3 F.3d 221, 223 (7th Cir. 1993) ................ 5

Sixta v. Ochsner, 187 Cal. App. 2d 485, 489 (1960) ................................................ 11

Turner v. Fushi Copperweld, Inc., 2011 U.S. Dist. LEXIS 53968, 4-5
     (D. Nev. May 6, 2011) ..................................................................................... 6, 7

U.S. Roofing, Inc. v. Credit Alliance Corp., 228 Cal. App. 3d 1431,
     1441 (1991) .......................................................................................................... 9

**Statutes**

California Civil Code section 1572 ........................................................................... 10

California Civil Code section 1710 ........................................................................... 10

California Civil Code section 1770(a) ...................................................................... 15

California Civil Code section 895(f) ......................................................................... 13

California Civil Code section 896 ............................................................................. 14

California Civil Code section 896(a)(14) .................................................................. 12

California Civil Code section 896(a)(15) ............................................................. 3, 12

California Civil Code section 896(g)(3)(C) ............................................................... 11

California Civil Code section 896(g)(3)(E) ............................................................... 11

California Civil Code section 897 ............................................................................. 18

California Civil Code section 910 ............................................................................. 15

California Civil Code section 915 ............................................................................. 15

California Civil Code section 916 ............................................................................. 15

California Civil Code section 917 ............................................................................. 15

iv

## <u>TABLE OF AUTHORITIES (cont.)</u>

**Page(s)**

California Civil Code section 920 ........................................................... 15

California Civil Code section 921 ........................................................... 15

California Civil Code section 927 ........................................................... 15

California Civil Code section 931 ........................................................ 3, 13

California Civil Code section 942 ........................................................... 18

Federal Rule of Civil Procedure 12(b)(1) ............................................. 16

Federal Rule of Civil Procedure 12(b)(6) ................................................ 3

Federal Rule of Civil Procedure 25 ......................................................... 2

Federal Rule of Civil Procedure 25(c) ..................................................... 2

Federal Rule of Civil Procedure 41(a)(1)(A) ........................................... 1

Federal Rules of Civil Procedure 15(a)(1)(A) .......................................... 1

v

1   **MEMORANDUM OF POINTS & AUTHORITIES**

2   **1.   INTRODUCTION**

3   The instant putative class action by Plaintiff GEOFF GASWAY ("Plaintiff")
4   arises from allegedly defective plumbing components.  In particular, Plaintiff alleges
5   defects with brass fittings purportedly installed as part of a potable water plumbing
6   system in homes throughout the state of California.  Plaintiff alleges the fittings are
7   undergoing a process called dezincification whereby the brass is corroding.  Plaintiff
8   alleges that Defendants UPONOR, INC., WIRSBO COMPANY, and UPONOR
9   WIRSBO COMPANY ("Uponor") are the manufacturer/distributor of these yellow
10  brass fittings at issue.

11  Former plaintiff Anthony Nguyen filed the original Complaint in this matter,
12  on behalf of himself and the putative class, on December 12, 2011.  After counsel for
13  Uponor met and conferred with Mr. Nguyen's counsel on several defects in the
14  Complaint prior to filing a motion to dismiss, Plaintiff Geoff Gasway filed the
15  Amended Complaint on May 18, 2012 pursuant to a stipulation among the parties
16  and Order entered by the Court.

17  Mr. Nguyen is no longer listed in the caption and is not mentioned in the
18  Amended Complaint.  However, no Notice of Dismissal was filed by Mr. Nguyen,
19  nor was there a stipulation to Mr. Nguyen dismissing his claims pursuant to <u>Federal</u>
20  <u>Rule of Civil Procedure</u> 41(a)(1)(A).  Plaintiff Gasway could have been added to this
21  case pursuant to <u>Federal Rules of Civil Procedure</u> 15(a)(1)(A) within 21 days after
22  serving the original Complaint or with leave of all parties.  <u>See</u> 2-10 MB Practice
23  Guide: Fed Pretrial Civ Proc in CA 10.05.  However, that time period has expired
24  and the stipulation between Mr. Nguyen and the defendants in this action only
25  permitted *Mr. Nguyen* to amend the Complaint.  R.J.N., ¶ 7, Ex. G.  Defendants did
26  not agree to Mr. Nguyen dropping his claims and Plaintiff Gasway being substituted
27  in his place.  Indeed, Plaintiff Gasway is not being *added* as an additional plaintiff in
28  *Mr. Nguyen's* action pursuant to <u>Federal Rule of Civil Procedure</u> 15 or 21, but is

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1 | attempting to *substitute* himself for Plaintiff Anthony Nguyen. Plaintiff Gasway fails
2 | to satisfy the conditions of <u>Federal Rule of Civil Procedure</u> 25 and no motion to
3 | substitute has been filed. Fed R. Civ. P. 25(c). Accordingly, the substitution is in
4 | violation of the <u>Federal Rules of Civil Procedure</u> and the Amended Complaint should
5 | be dismissed for this reason. <u>See</u> 2-10 MB Practice Guide: Fed Pretrial Civ Proc in
6 | CA 10.16.

7 | In the Amended Complaint, Plaintiff asserts causes of action for (1) Breach of
8 | Implied Warranties; (2) Breach of Express Warranties; (3) Breach of Express
9 | Warranties (as to Roe Defendants); (4) Negligence; (5) Strict Products Liability; (6)
10 | Violation of Standards of Residential Construction; (7) Violation of Consumers
11 | Legal Remedies Act; (8) Unfair Business Practices; (9) Declaratory and Equitable
12 | Relief; and (10) Alter Ego.

13 | Plaintiff's case is duplicative of a first-filed action entitled <u>Roger Sweidan, et</u>
14 | <u>al. v. Wirsbo Company, et al.</u>, Riverside Superior Court Case No. RIC10014729
15 | ("<u>Sweidan</u>"), which was filed on July 26, 2010 and includes a putative state-wide
16 | class of homeowners in California whose homes are plumbed with brass fittings
17 | distributed by Uponor, just like this case. Accordingly, Plaintiff's entire case should
18 | be dismissed and Plaintiff should assert his claims within the <u>Sweidan</u> action.

19 | Plaintiff's First Cause of Action for Breach of Implied Warranties should be
20 | dismissed for failure to state a claim, as he has failed to allege any privity with
21 | Uponor. Likewise, Plaintiff's Second Cause of Action for Breach of Express
22 | Warranties should also be dismissed for failure to state a claim, as he has failed to
23 | allege being a party to any express warranty made by Uponor. Plaintiff's Fifth Cause
24 | of Action for Negligent Misrepresentation should also be dismissed for failure to
25 | state a claim, because Plaintiff has failed to plead the essential elements of (1)
26 | Misrepresentation of a material fact by Uponor; (2) Uponor had no reasonable
27 | ground for believing the representation to be true; and (3) Uponor's intention that
28 | Plaintiff rely on the alleged misrepresentation.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

H:\1226\052\CF\Motion to Dismiss\P&A. vfinal.DH.doc

1     Additionally, Plaintiff's Seventh Cause of Action for Violation of Residential

2   Construction Standards should be dismissed for failure to state a claim, as (1) the

3   California Right to Repair Act ("RORA") does not apply to actions solely for defects

4   in a manufactured product; (2) alleged defects of plumbing components do not fall

5   within the purview of California Civil Code section 896(a)(15); (3) California Civil

6   Code section 931 bars a RORA claim from being styled as a class action; and (4)

7   Plaintiff failed to meet RORA's pre-litigation requirements. Finally, Plaintiff's

8   Eighth Cause of Action for Violation of Consumers Legal Remedies Act should be

9   dismissed for failure to state a claim, as Plaintiff failed to comply with the required

10   pre-litigation procedures.

11     In addition to Plaintiff's failure to state a cause of action upon which relief may

12   be granted, Plaintiff has not sufficiently pleaded he has suffered actual damage.

13   Accordingly, Plaintiff has no standing to assert his claims and the Court has no

14   subject matter jurisdiction over this case. For these reasons and as set forth herein,

15   Plaintiff's Amended Complaint should be dismissed with prejudice.

16   **2.      LEGAL ARGUMENT**

17        **2.1.   Plaintiff's Amended Complaint Should Be Dismissed as Plaintiff**

18             **Has Failed to State a Claim Upon Which Relief Can Be Granted**

19             *2.1.1  The Legal Standard for a Motion To Dismiss Pursuant to Federal*

20                  *Rule of Civil Procedure 12(b)(6)*

21     Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss is

22   proper where the allegations of the complaint fail to state a claim upon which relief

23   can be granted. Where a complaint omits essential elements of a cause of action or

24   fails to properly state a claim in favor of the plaintiff, a motion to dismiss pursuant to

25   Rule 12(b)(6) is appropriate. A plaintiff must go beyond labels and conclusion or a

26   formulaic recitation of the elements of the cause of action and provide actual grounds

27   for its entitlement to relief. Bell Atlantic Corporation vs. Twombly, 550 U.S. 544,

28   555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Along the same lines, only a

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 02660
(949) 221-1000

3

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1  complaint which states a plausible claim for relief survives a Motion to Dismiss.

2  Determining whether a complaint states a plausible claim for relief is a "context-

3  specific task" that requires the reviewing court to draw on its judicial experience and

4  common sense. Ashcroft vs. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L.

5  Ed. 2d 868 (2009).  The factual allegations made in the Amended Complaint must

6  demonstrate the existence of the essential elements of the cause of action.

7  　　　　　*2.1.2  The Court May Properly Consider Matters of Public Record*

8  　　　　　In the context of a Motion to Dismiss, the Court may consider materials

9  incorporated into the complaint or "matters of public record."  Thus, the Court may

10  take judicial notice of matters in the public record. See Coto Settlement vs.

11  Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) and Giles vs. Sardie, 191 F. Supp. 2d

12  1117, 1122 (C.D. Cal. 2000).  Given the fact that the Second Amended Complaint in

13  Sweidan is a matter of public record, on file in the Superior Court of the State of

14  California, as well as the complaints on file in the instant case, this Court can

15  appropriately consider the content of those documents in connection with the instant

16  Motion to Dismiss.  Thus a complaint purportedly sufficient on its face, remains

17  nonetheless subject to dismissal when facts which are available through judicial

18  notice, render the pleading defective.

19  　　　　　*2.1.3.  The Pendency of the First-Filed Sweidan Class Action Warrants*

20  　　　　　　　　*Dismissal of Plaintiff's Amended Complaint in the Instant Suit*

21  　　　　　It is well settled that as part of its general power to administer its docket, it is

22  appropriate for a District Court to dismiss a suit that is duplicative of another Federal

23  case. See Curtis vs. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citing to

24  Colorado River Water Conservation District vs. United States, 424 U.S. 800, 96 S.

25  Ct. 1236, 47 L. Ed. 2d 483 (1976)).  The dismissal of a second filed suit is a common

26  disposition in the context of duplicative litigation because plaintiffs have no right to

27  maintain two actions on the same subject against the same defendant at the same

28  time.  Curtis, 226 F.3d at 139.  "[A] suit is duplicative if the 'claims, parties and

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

4

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1   available relief do not significantly differ between the two action.' "  James vs.

2   AT&T Corporation, 334 F. Supp. 2d 410, 411 (S.D.N.Y. 2004) (citing Serlin vs.

3   Arthur Anderson & Company, 3 F.3d 221, 223 (7th Cir. 1993)).  The court in James,

4   a putative class action, noted:

5                   "The putative classes in Leykin and James are composed of

6                   the same members, and are organized to vindicate the same

7                   rights.  Mr. Leykin and Mr. James represent precisely the

8                   same interest, and each is a member of the putative class in

9                   both Leykin and James."  James, 334 F. Supp. 2d at 411.

10      Furthermore, the court in James also found that the defendants in both cases

11  were essentially the same.  James, 334 F. Supp. 2d at 411.  In light of those facts, the

12  court in James dismissed that suit as duplicative.

13      The Ninth Circuit Court of Appeals in Adams vs. California Department of

14  Health Services, 487 F.3d 684 (9th Cir. 2007) also held it was appropriate for a

15  district court to dismiss "a duplicative later-filed action," and specifically cited to

16  Curtis.  Adams, 487 F.3d at 688.  The Ninth Circuit borrowed from the test for claim

17  preclusion, and articulated four criteria which were to be applied to determine if a

18  subsequent action is duplicative of a prior action: (1) whether the rights or interests

19  established in the prior judgment would be destroyed or impaired by prosecution of

20  the second action; (2) whether substantially the same evidence is presented in the two

21  actions; (3) whether the two suits involve infringement of the same right; and (4)

22  whether the two suits arise out of the same transactional nucleus of facts.  Id.  The

23  Ninth Circuit has held that "the last of these criteria is the most important."

24  Costantini vs. Trans World Airlines, 681 F.2d 1199 (9th Cir. 1982).

25      In Adams, the Ninth Circuit held the later filed duplicative suit should be

26  dismissed, as the two causes of action arose from a common transactional nucleus of

27  facts and that both suits sought "substantially the same relief."  Id. at 691.

28  Significantly, the Ninth Circuit noted that although different causes of action set

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

5

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1  forth in the two complaints "establish distinct rights enforceable by litigants, this

2  factor alone does not differentiate the causes of action." Id. at 691.  The foregoing,

3  combined with the fact that the same defendants were involved warranted dismissal

4  of the duplicative lawsuit.

5      Although Curtis and Adams relate to concurrent Federal cases, the same

6  rationale behind their holdings applies to a Federal class action that is duplicative of

7  a pending state class action.  In fact, "under the Colorado River doctrine, a federal

8  court may abstain from exercising its jurisdiction in favor of concurrent and parallel

9  state proceedings where doing so would serve the interests of 'wise judicial

10  administration, giving regard to the conservation of judicial resources and

11  comprehensive disposition of litigation.' " In re Countrywide Fin. Corp. Derivative

12  Litig., 542 F. Supp. 2d 1160, 1169 (C.D. Cal. 2008), quoting Colorado River Water

13  Conservation Dist. v. United States, 424 U.S. 800, 818, 96 S. Ct. 1236, 47 L. Ed. 2d

14  483 (1976).  The Court may choose to either stay or dismiss the duplicate lawsuit.

15  Id.  See also Frosini v. Bridgestone Firestone N. Am. Tire, LLC, 2005 U.S. Dist.

16  LEXIS 40144 (C.D. Cal. Dec. 12, 2005).

17      The Supreme Court and the Ninth Circuit have identified a nonexclusive list of

18  relevant factors for determining whether to invoke the Colorado River rule.  See

19  Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15-16, 103 S.

20  Ct. 927, 74 L. Ed. 2d 765 (1983).  The court in Turner v. Fushi Copperweld, Inc.,

21  2011 U.S. Dist. LEXIS 53968, 4-5 (D. Nev. May 6, 2011) summarized the factors:

22      "These factors include: (1) whether either court has

23      assumed jurisdiction over a res, or property at issue; (2) the

24      relative convenience of the forums; (3) the desirability of

25      avoiding piecemeal litigation; (4) the order in which the

26      forums obtained jurisdiction; (5) whether state or federal

27      law controls; and (6) whether the state proceeding is

28      adequate to protect the parties' rights." Turner, 2011 U.S.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1    Dist. LEXIS 53968, *4, <u>citing</u> <u>Colorado River</u>, 424 U.S. at

2    818 and <u>Moses H. Cone</u>, 460 U.S. at 25-26.

3    "These factors are to be applied in a pragmatic and flexible way, as part of a

4    balancing process rather than as a mechanical checklist." <u>Turner</u>, 2011 U.S. Dist.

5    LEXIS 53968, *4, <u>quoting</u> <u>American Int'l Underwriters, Inc. v. Continental Ins. Co.</u>,

6    843 F.2d 1253, 1257 (9th Cir. 1988).

7    In <u>Turner</u>, there were several class actions pending in Nevada state and

8    Federal courts. After applying the <u>Colorado River</u> factors, the court dismissed the

9    pending Federal putative class action. <u>Turner</u>, 2011 U.S. Dist. LEXIS 53968, *5.

10   The court found that the several state court actions were substantially similar, if not

11   identical, to <u>Turner</u> because they were all based on the same allegations. <u>Id.</u> The

12   court also observed that all claims were brought pursuant to state law, and that

13   declining to exercise jurisdiction would avoid piecemeal litigation because the

14   <u>Turner</u> court would no longer be duplicating the efforts of the state court in

15   addressing identical claims. <u>Id.</u> , <u>quoting</u> <u>American Int'l Underwriters, Inc.</u>, 843 F.2d

16   at 1258 ("Piecemeal litigation occurs when different tribunals consider that same

17   issue, thereby duplicating efforts and possibly reaching different results.").

18   Here, like in <u>Turner</u>, the instant case is duplicative of a pending state court

19   case. The cases involve the same putative class, the same allegedly defective

20   products, and the same defendants. The claims are all brought pursuant to state law,

21   and piecemeal litigation would occur if the current case proceeds. It follows that this

22   Court may properly dismiss this action, or alternatively, stay the action pending

23   resolution of the <u>Sweidan</u> matter.

24   On July 26, 2010, more than one year prior to the filing of the instant

25   litigation, Roger Sweidan, among other plaintiffs, filed a putative class action in the

26   Superior Court of California for the County of Riverside entitled <u>Roger Sweidan, et</u>

27   <u>al. v. Wirsbo Company, et al.</u>, Riverside Superior Court Case No. RIC10014729.

28   <u>Sweidan</u> alleges claims relating to brass fittings distributed by Uponor which were

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

7

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1    allegedly defective due to dezincification. R.J.N., ¶ 1, Ex. A, ¶¶ 47-48, 53. In

2    particular, <u>Sweidan</u> involves brass fittings manufactured to an industry standard

3    (American Society for Testing & Materials) known as ASTM F1960 fittings. R.J.N.,

4    ¶ 2, Ex. B, pp. 2, ¶ 1. <u>Sweidan</u> also alleges a putative class of all persons in

5    California who own a structure where these brass plumbing fittings have allegedly

6    been installed. R.J.N., ¶ 1, Ex. A, ¶ 29.

7        In the present case, the principles outlined above regarding duplicative suits

8    are controlling and support dismissal of this lawsuit. It is clear that this action and

9    the first-filed <u>Sweidan</u> class action share a common transactional nucleus of facts. In

10   both cases the plaintiffs allege that plumbing brass fittings sold/distributed by

11   Uponor were installed in their homes, and that such brass fittings are purportedly

12   defective. In both cases, the plaintiffs seek to recover for the same purported

13   defective condition –dezincification. Both cases also involve the same type of

14   fittings – ASTM F1960.[1] Like the putative class in this case, the putative class in

15   <u>Sweidan</u> is comprised of all persons in California who own a structure where these

16   brass plumbing fittings have allegedly been installed. Thus, the Plaintiff in the

17   instant suit is included within the scope of the class alleged in <u>Sweidan</u>.

18        Additionally, it is clear from a review of the allegations contained in both

19   operative pleadings that the relief sought in both cases is identical, and virtually all of

20   the allegations contained in the operative pleadings are identical. The <u>Sweidan</u> case

21   has been pending for over two years, and the Superior Court of California for the

22

---

23   [1] On April 30, 2012, the plaintiffs in <u>Sweidan</u> stipulated that <u>Sweidan</u> would only

24   involve F1960 fittings. R.J.N., ¶ 2, Ex. B, pp. 2, ¶ 1. On February 7, 2012, former
plaintiff in this case Anthony Nguyen requested that this Court stay this action on the

25   grounds that this case is one of several cases being considered for transfer and
consolidation by the Judicial Panel on Multi-District Litigation. R.J.N., ¶ 3, Ex. C, ¶

26   2. On February 13, 2012, Mr. Nguyen filed a notice of the MDL Panel's ruling. That
ruling clarified that the cases being considered for consolidation, including the

27   present case, related to F1960 fittings and F2080 fittings. R.J.N., ¶ 4, Ex. D, Ex. A,
p. 2.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

8

1   County of Riverside is more than capable of handling the claims asserted therein, as

2   the claims in both cases all arise under California state law.  Given the above

3   described common nucleus of transactional facts, it is apparent that the same

4   evidence and issues will be presented in both the instant matter as well as <u>Sweidan</u>.

5   Furthermore, the rights of the plaintiffs in <u>Sweidan</u> will be impaired by any judgment

6   that may be entered in the present case.  Consequently, the various criteria supporting

7   dismissal are present and applicable in the instant case and support dismissal.

8        *2.1.4.  Plaintiff's First Cause of Action Fails to State a Cause of Action*

9        *for Breach of Implied Warranties*

10       Plaintiff's First Cause of Action for Breach of Implied Warranties fails to state

11   a claim upon which relief may be granted, as Plaintiff does not allege he has privity

12   of contract with any of the Uponor defendants.  Privity is required for a claim for

13   breach of the implied warranty of fitness for a particular purpose, as well as a claim

14   for breach of the implied warranty of merchantability.  <u>U.S. Roofing, Inc. v. Credit</u>

15   <u>Alliance Corp.</u>, 228 Cal. App. 3d 1431, 1441 (1991); <u>Burr v. Sherwin Williams Co.</u>,

16   42 Cal. 2d 682, 695 (1954); <u>Fieldstone Co. v. Briggs Plumbing Products, Inc.</u>, 54

17   Cal. App. 4th 357, 371 (1997).  Plaintiff alleges Uponor designed, developed, tested,

18   manufactured, distributed, supplied, marketed, sold, and warranted defective high-

19   zinc-content brass fittings, but fails to allege vertical privity with Uponor anywhere

20   in the Amended Complaint.  As a result, Plaintiff has failed to state a claim upon

21   which relief may be granted and therefore the First Cause of Action should be

22   dismissed.

23        *2.1.5.  Plaintiff's Second Cause of Action Fails to State a Cause of*

24        *Action for Breach of Express Warranty*

25       Plaintiff's Second Cause of Action for Breach of Express Warranty fails

26   because he has not pleaded he was party to any express warranty made by Uponor.

27   Plaintiff alleges as follows:

28   / / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92560
(949) 221-1000

9

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1    "[Uponor] did prepare, distribute, and provide express

2    warranties as part of the Wirsbo/Uponor-brand potable-

3    water-delivery systems and fittings.  These warranties

4    provide coverage for certain defects in these plumbing

5    systems and fittings.  These warranties were intended for

6    use by customers and end-users of the plumbing systems,

7    including Plaintiffs and their members."  Am. Com., ¶ 39.

8    However, there are no facts alleged to establish there is any privity of contract

9    between Plaintiff and Uponor.  See Burr, 42 Cal. 2d at 695 ("privity of contract is

10   required in an action for breach of either express or implied warranty").  As Plaintiff

11   has failed to plead privity of contract with Uponor, his Second Cause of Action

12   should be dismissed.

13        *2.1.6. Plaintiff's Fifth Cause of Action Fails to State a Cause of Action*

14                        *for Negligent Misrepresentation*

15   Plaintiff's Fifth Cause of Action purports to plead a cause of action based on a

16   variety of negligence theories, one of which is negligent misrepresentation.

17   Plaintiff's claim for negligent misrepresentation should be dismissed because

18   Plaintiff has failed to plead three elements of the claim.  To state a claim for

19   negligent misrepresentation, Plaintiff must plead the following:

20        1.    Uponor misrepresented a material fact;

21        2.    Uponor had no reasonable ground for believing the

22              representation to be true;

23        3.    Uponor intended that Plaintiff rely on the

24              representation;

25        4.    Plaintiff justifiably relied on the representation; and

26        5.    Plaintiff's reliance on the representation caused

27              damages.  Cal. Civ. Code §§ 1572, 1710, Bily v.

28              Arthur Young & Co., 3 Cal. 4th 370, 408 (1992),

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

10

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1                  <u>Sixta v. Ochsner</u>, 187 Cal. App. 2d 485, 489 (1960),

2                  <u>Richard P. v. Vista Del Mar Child Care Serv.</u>, 106

3                  Cal. App. 3d 860 (1980).

4      The entirety of Plaintiff's allegations relating to negligent misrepresentation is

5 found in Paragraph 57 of the Amended Complaint: "Defendants' negligence includes

6 misrepresentations about the defective plumbing systems and components given to

7 Plaintiffs, their members, and/or their representatives, upon which they relied to their

8 detriment and damage." Am. Com., ¶ 57. The first three elements are not pleaded,

9 as Plaintiff does not allege the misrepresentations were material, that Uponor had no

10 reasonable basis for believing them to be true, and that Uponor intended for Plaintiff

11 to rely on those statements. Accordingly, Plaintiff has failed to state a claim upon

12 which relief may be granted and therefore the Fifth Cause of Action for Negligent

13 Misrepresentation should be dismissed.

14           *2.1.7. Plaintiff's Seventh Cause of Action Fails to State a Cause of*

15                    *Action for Violation of Standards of Residential Construction*

16                 2.1.7.1      <u>RORA Does Not Apply to Actions Solely for</u>

17                            <u>Defects In Manufactured Products</u>

18      Plaintiff's entire Amended Complaint seeks relief solely due to an alleged

19 defect in a manufactured product – the yellow brass fittings. RORA "does not apply

20 in any action seeking recovery solely for a defect in a manufactured product located

21 within or adjacent to a structure." <u>Cal. Civ. Code</u> § 896(g)(3)(E). RORA defines

22 "manufactured product" as "a product that is completely manufactured offsite." <u>Cal.</u>

23 <u>Civ. Code</u> § 896(g)(3)(C). Since this case seeks relief solely due to the allegedly

24 defective brass fittings, RORA does not apply and the case should be dismissed.

25 / / /

26 / / /

27 / / /

28 / / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

11

H:\1226\052\CF\Motion to Dismiss\P&A. vfinal.DH.doc

2.1.7.2     Alleged Defects of Plumbing Components such as

Yellow Brass Fittings Do Not Fall Within the

Purview of California Civil Code Section 896(a)(15)

Plaintiff's Seventh Cause of Action fails to states a claim for Violation of Standards of Residential Construction because a cause of action for alleged defects of plumbing components such as yellow brass fittings does not fall within the purview of <u>California Civil Code</u> section 896(a)(15).  Plaintiff alleges Uponor's yellow brass fittings are corroding and therefore a violation of <u>California Civil Code</u> section 896(a)(15).  <u>California Civil Code</u> section 896(a)(15) provides as follows:

> "Plumbing lines, sewer lines, and utility lines shall not
>
> corrode so as to impede the useful life of the systems."
>
> <u>Cal. Civ. Code</u> § 896(a)(15).

<u>California Civil Code</u> section 896(a)(14), on the other hand, includes both plumbing lines *and components*:

> "The lines **and components** of the plumbing system, sewer
>
> system, and utility systems shall not leak." <u>Cal. Civ. Code</u>
>
> § 896(a)(14) [emphasis added].

Read in conjunction with Section 896(a)(14), the plain language of Section 896(a)(15) applies to "plumbing lines" *not to component parts of a "plumbing line."* In this instance, Plaintiff has alleged that "high-zinc content brass fittings and plumbing components" are defective and result in a violation of <u>California Civil Code</u> section 896(a)(15).  Nowhere does Plaintiff assert that the actual plumbing lines, which are comprised solely of PEX material, are defective.  As such, Plaintiff's Amended Complaint fails to state facts sufficient to constitute a valid cause of action under <u>California Civil Code</u> section 896(a)(15).

/ / /

/ / /

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

12

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1                 2.1.7.3      <u>California Civil Code Section 931 Bars a RORA</u>

2                                 <u>Claim From Being Styled as a Class Action</u>

3      Plaintiff's Seventh Cause of Action is also legally insufficient as <u>California</u>

4 <u>Civil Code</u> section 931 bars a RORA claim from being styled as a class action.

5 Specifically, Section 931 provides as follows:

6            **"If a claim combines causes of action or damages not**

7            **covered by this part, including, without limitation,**

8            **personal injuries, class actions**, other statutory remedies,

9            or fraud-based claims, the claimed unmet standards shall be

10            administered according to this part, although evidence of

11            the property in its unrepaired condition may be introduced

12            to support the respective elements of any such cause of

13            action. As to any fraud-based claim, if the fact that the

14            property has been repaired under this chapter is deemed

15            admissible, the trier of fact shall be informed that the repair

16            was not voluntarily accepted by the homeowner. As to any

17            class action claims that address solely the incorporation of

18            a defective component into a residence, the named and

19            unnamed class members need not comply with this

20            chapter." <u>Cal. Civ. Code</u> § 931 [emphasis added].

21      Based on the plain language of the statute, it is clear that class action lawsuits

22 fall outside of the parameters of RORA. Plaintiff has made no showing that a class

23 action may even be maintained under RORA. RORA allows claims made on behalf

24 of a group to be brought by a homeowners association (<u>Cal. Civ. Code</u> § 895(f)), but

25 not as a class action. In fact, the only federal decision analyzing the applicability of

26 Rule 23 to RORA, a case out of this district, denied class certification. <u>Kingsbury v.</u>

27 <u>U.S. Greenfiber, LLC</u>, No. CV-08-00151 AHM (JTLx), 2009 U.S. Dist. LEXIS

28 92014, 2009 WL 2997389, at *7 n.9 (C.D. Cal. Sept. 14, 2009).

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

13

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1    The Kingsbury court initially noted lingering questions about "whether any

2  provision of RORA . . . applies to class actions." Kingsbury, 2009 U.S. Dist. LEXIS

3  92014, 2009 WL 2997389, at *7 n.9. As the court observed, "[a]t least one

4  commentator has also concluded that RORA does not apply to class actions." Id.

5  (quoting Harry D. Miller & Marvin D. Starr, Miller and Starr California Real Estate

6  3d § 29:2 (2009)). Miller and Starr state:

7              "[RORA] excludes certain types of claims from its scope

8              and from the prelitigation procedure. The prelitigation

9              procedures and SB800 do not apply to claims for fraud,

10             personal injury, class actions, or other statutory remedies."

11             Id.

12    Indeed, RORA only covers "the claimant's [singular] claims or causes of

13  action" with regard to "an individual dwelling unit." Cal. Civ. Code § 896 [first

14  paragraph]. In subsequent orders addressing the plaintiffs' attempts to certify claims

15  under RORA, the Kingsbury court found that such claims could not be certified

16  under Rule 23. R.J.N., ¶ 5, Ex. E, p. 13 n. 14 & pp. 14-19. Although the Kingsbury

17  court did finally certify a class under the California Unfair Competition Law

18  ("UCL"), it did not grant certification of RORA claims and did not certify any claims

19  asserted against the manufacturer of any of the components of the homes that had

20  been alleged to be defective. R.J.N., ¶ 6, Ex. F. Specifically, the Court found that

21  the RORA claims would require individual proof on alleged violations of the

22  building standards, and therefore common issues of factor law do not predominate

23  over individual ones. R.J.N., ¶ 5, Ex. E, p. 19. The same problems arise here, which

24  is why Plaintiff's RORA claims cannot be brought through a class action. The only

25  federal court analyzing RORA claims under Rule 23 rejected class certification.

26  Therefore, Plaintiff's RORA claim should be dismissed.

27  / / /

28  / / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

14

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1          2.1.7.4          Plaintiff Failed to Meet RORA's Pre-litigation

2                              Requirements

3          Plaintiff's Seventh Cause of Action must also be dismissed because he fails to

4   meet RORA's pre-litigation requirements.  The pre-litigation requirements are

5   extensive.  California Civil Code section 910 provides that "[p]rior to filing an action

6   against any party alleged to have contributed to a violation of the standards . . . the

7   claimant shall initiate the following pre-litigation procedures . . . ."  Cal. Civ. Code §

8   910, see also Cal. Civ. Code §§ 916–18, 921).  If the party fails to respond or

9   performs an inadequate repair, the homeowner may then bring an action for violation

10  of RORA's standards.  Cal. Civ. Code §§ 915, 920, 927.  Plaintiff never reveals in the

11  Amended Complaint whether he has complied with RORA's pre-litigation

12  requirements.  As such, he has failed to plead sufficient facts to constitute a cause of

13  action.

14          *2.1.8. Plaintiff's Eighth Cause of Action Fails to State a Cause of Action*

15                  *for Violation of Consumers Legal Remedies Act*

16          Plaintiff Eighth Cause of Action for Violation of the California Consumers

17  Legal Remedies Act ("CLRA") fails as he has not complied with the pre-litigation

18  requirements of the CLRA.  The CLRA provides as follows:

19                  "Thirty days or more prior to the commencement of an

20                  action for damages pursuant to this title, the consumer shall

21                  do the following:

22                  (1) Notify the person alleged to have employed or

23                  committed methods, acts, or practices declared unlawful by

24                  Section 1770 of the particular alleged violations of Section

25                  1770.

26                  (2) Demand that the person correct, repair, replace, or

27                  otherwise rectify the goods or services alleged to be in

28                  violation of Section 1770."  Cal. Civ. Code 1770(a).

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

15

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1    Plaintiff acknowledges in his Amended Complaint he was required to follow
2  these procedures prior to filing suit. Am. Com. ¶ 81. Plaintiff further acknowledges
3  he has not complied with these procedures, but promises he "will serve" the required
4  notice on Uponor, and will amend the complaint to seek monetary damages under the
5  CLRA. Am. Com. ¶ 81. This statement was also made in the original Complaint.
6  Com. ¶ 92. Plaintiff still has not complied with the required pre-litigation
7  procedures, and therefore has failed to state a claim for damages under the CLRA.
8  Accordingly, the Eighth Cause of Action should be dismissed.

9    **2.2.   Plaintiff's Amended Complaint Should Be Dismissed as Plaintiff**
10        **Lacks Standing to Pursue His Claims**

11    Federal Rule of Civil Procedure 12(b)(1) provides that a motion to dismiss is
12  proper where there is no subject matter jurisdiction. The Court does not have subject
13  matter jurisdiction over Plaintiff's claims if Plaintiff has no standing to assert them.
14  Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). Furthermore, a
15  representative of a putative class who fails to establish standing may not seek relief
16  either individually or on behalf of other members of the class. See Doe v. Unocal
17  Corp. (C.D. 1999) 67 F. Supp. 2d 1140, 1142; See Also Easter v. American W. Fin.
18  (9th Cir. 2004) 381 F.3d 948, 962 (district court properly considered standing issues
19  before class issues).

20    In order to establish constitutional standing, a plaintiff must demonstrate: (a)
21  that it has suffered an "injury in fact," a harm that is "concrete and particularized"
22  and "actual or imminent, not conjectural or hypothetical;" (b) a causal connection
23  between the injury and the challenged conduct; and (c) that a favorable court
24  decision is likely to redress or remedy the injury. Lujan v. Defenders of Wildlife,
25  504 U.S. 555, 560-61 (1992).

26    Here, Plaintiff has not pled that he in particular has suffered an injury in fact.
27  In Paragraph 15 of the Amended Complaint, Plaintiff pleads as follows:
28  / / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1          "Plaintiff Geoff Gasway purchased one of the Subject

2          Homes, located at 25471 Prado De Oro, Calabasas, CA

3          921302, containing high-zinc-content brass fittings and

4          plumbing components.  These defective high-zinc-content

5          brass fittings and plumbing components have caused

6          damage to plaintiff Geoff Gasway's home."  Am. Com., ¶

7          19.

8    In Paragraph 35, Plaintiff also pleads as follows:

9          ". . . Plaintiffs [sic] and their members have been, and will

10         continue to be, caused damage as more fully described

11         herein including, but not limited to product failures,

12         dezincification corrosion, leaks, blockages, loss of use and

13         function of the plumbing systems and related

14         improvements and/or appliances provided by others,

15         resultant damage to the Subject Homes and work of others

16         (e.g., water loss, damage to framing, drywall and/or other

17         building materials), resultant damage to water quality,

18         including leaching of lead from the high-zinc-content brass

19         fittings into the potable-water-delivery systems of the

20         Subject Homes, economic losses including costs of

21         maintenance and/or repair, and all reasonable fees, costs,

22         interest, and/or expenses associated therewith.  These

23         damages and others are expected to increase over time as

24         the defective systems and components continue to fail."

25         Am. Com., ¶ 35.

26    There are similar allegations of damage at Paragraphs 16, 17, 42, 43, 58, 71,

27  and 77.  Plaintiff's damages are not sufficiently particularized.  The only allegation of

28  damage unique to Plaintiff, Paragraph 15, is incredibly general – it simply alleges

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

17

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

1   that Plaintiff has suffered damage.  What kind of damage suffered by Plaintiff, the

2   cause of the damage, the extent of the damage, the date of discovery of the damage,

3   etc., is not described with any particularity whatsoever and provide no notice to

4   Uponor of the damage alleged.  The allegations of damage in Paragraphs 16, 17, 42,

5   43, 58, 71, and 77 are not unique to Plaintiff and are alleged as to the entire putative

6   class.

7        Even if Plaintiff's statements relating to corroded fittings imply that he

8   personally has corroded fittings, this is not sufficient to establish standing.  If a

9   fitting is corroded, that does not mean there is any resultant damage.  Plaintiff never

10  alleges that he has suffered water damage, reduced water flow, or any inconvenience

11  whatsoever as a result of any corrosion.  Even under his Seventh Cause of Action

12  relating to RORA, Plaintiff has to plead actual damage.  Since Plaintiff has not

13  sufficiently pled a cause of action under Section 896(a)(15), the normal rule of

14  having to plead resultant damages applies.  Civil Code section 897 states:

15          "The standards set forth in this chapter are intended to

16          address every function or component of a structure.  To the

17          extent that a function or component of a structure is not

18          addressed by these standards, it shall be actionable if it

19          causes damage."  Cal. Civ. Code § 897.

20       Based on the plain language of Section 897, it is only when a plaintiff proves a

21  violation of "the applicable standard" that the plaintiff is excused from having to

22  prove "causation or damages."  See Cal. Civ. Code § 942.  Without pleading any

23  actual injury he has suffered, Plaintiff has not properly alleged he has standing.

24  Accordingly, this case should be dismissed as the Court lacks subject matter

25  jurisdiction.

26  / / /

27  / / /

28  / / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

18

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc

3.    **CONCLUSION**

For the reasons set forth above, Uponor hereby requests that this Court grant its Motion to Dismiss and grant such other and further relief as the Court may deem appropriate.

Respectfully Submitted,

Dated:  June 15, 2012                    BREMER WHYTE BROWN & O'MEARA
                                          LLP


                                          By: _____
                                               Peter C. Brown
                                               Jeremy Johnson
                                               Benjamin Price
                                               Attorneys for Defendants
                                               UPONOR, INC., an Illinois
                                               corporation; WIRSBO COMPANY,
                                               an Illinois company; UPONOR
                                               WIRSBO COMPANY, an Illinois
                                               company

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

19

H:\1226\052\CF\Motion to Dismiss\P&A.vfinal.DH.doc